**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                        No. 01-4870

ANDRE WALTER MYERS,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-00-45)

Submitted: May 20, 2002

Decided: June 21, 2002

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Robert B. Rigney, PROTOGYROU & RIGNEY, P.L.C., Norfolk,
Virginia, for Appellant. Paul J. McNulty, United States Attorney,
Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

Andre Walter Myers was convicted after a jury trial of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Myers argues his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000); the district court erred in denying his motion for judgment of acquittal; the application of 18 U.S.C.A. § 924(e) (West 2000) to Myers' sentence violates the Ex Post Facto Clause; and he did not qualify for an Armed Career Criminal ("ACC") enhancement. Finding no reversible error, we affirm.

Myers argues this court should apply the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to his ACC enhancement based on his prior convictions. This court has recently rejected Myers' *Apprendi*-based argument. *See United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir. 2002).

Myers also argues the district court erred in denying his motion for acquittal. This court reviews de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). To determine whether there was sufficient evidence, we consider whether the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Id.*; *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

Myers argues the evidence did not support the determination he possessed a weapon. The evidence supporting possession included a police officer's testimony that he observed Myers reach into his waistband and retrieve a metal object that the officer recognized as a gun. Myers threw the object, and the officer further testified he

observed another officer recover the gun from the area where the object was thrown. As to Myers' argument that the police officer's testimony was contradictory with that of another officer, the resolution of the officers' testimony was a jury question. *See Romer*, 148 F.3d at 364 ("[W]e are not entitled to weigh the evidence or to assess the credibility of witnesses, but must assume that the jury resolved all contradictions . . . in favor of the Government." (citations and internal quotations omitted)).

Myers argues the application of *U.S. Sentencing Guidelines Manual* § 4B1.4 (2000), the Sentencing Guidelines provision applicable to Myers' § 924(e) enhancement, violated the Ex Post Facto Clause because one of Myers' predicate offenses was committed before the enactment of the relevant guidelines provision and § 924(e). This Circuit has rejected this argument. *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995).

Myers also argues his New York state conviction for attempted robbery, second degree, does not qualify as a predicate offense under § 924(e), because Myers was a juvenile at the time of the offense, and no violence was involved in the offense. We review de novo the designation of a prior conviction as a predicate felony under § 924(e). *See United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001). Myers' conviction was an adult conviction. When the defendant was prosecuted as an adult, it is irrelevant that the defendant was a juvenile at the time of the offense. *United States v. Lender*, 985 F.2d 151, 155-56 (4th Cir. 1993).

In determining whether a conviction is a predicate offense, courts are to employ a categorical approach. *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). We have reviewed the statutory definition of the applicable New York statute regarding attempted robbery, second degree, and find it qualifies as a violent felony under § 924(e). *See United States v. Brown*, 52 F.3d 415, 425-26 (2d Cir. 1995).

We affirm Myers' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*