**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER LEE MOODY,
            *Defendant-Appellant.*

No. 02-4480

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER LEE MOODY,
            *Defendant-Appellant.*

No. 02-4498

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER LEE MOODY,
            *Defendant-Appellant.*

No. 02-4500

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge;
James A. Beaty, Jr., District Judge.
(CR-01-384, CR-01-439, CR-01-452)

Submitted: November 21, 2002

Decided: December 2, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In these consolidated appeals filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Christopher Lee Moody contests his conviction and 169-month custodial sentence following his guilty plea to brandishing a firearm during a drug trafficking offense (Count Three), *see* 18 U.S.C. § 924(c)(1)(A) (2000), and being a felon in possession of a firearm (Count Four), *see* 18 U.S.C. § 922(g)(1) (2000). Moody also noted appeals from the revocation of two separate terms of supervised release. Although Moody was apprised of his right to file pro se supplemental briefs in each appeal, he failed to do so. For the following reasons, we affirm.

In No. 02-4480, Moody appeals the revocation of his supervised release for his conviction in the Southern District of Florida for conspiring to distribute LSD in violation of 18 U.S.C. § 371 (2000) and

21 U.S.C. § 841(a) (2000). Because Moody admitted violating the terms of his supervised release and does not challenge the revocation of his supervised release or the imposition of an 18-month sentence, we affirm.

In No. 02-4498, Moody appeals the revocation of a term of supervised release relating to his conviction for escape, *see* 18 U.S.C. § 751(a) (2000), imposed in the Eastern District of North Carolina. Because Moody admitted to violating the terms of his supervised release and does not challenge its revocation or the 24-month sentence imposed, we affirm.

In No. 02-4500, Moody appeals his 169-month sentence following his guilty plea to the foregoing firearms charges.* However, we find no error in the district court's determination that the base offense level for this offense was twenty-four based on Moody's criminal history. *See U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (2000); *see also United States v. Brandon*, 247 F.3d 186, 188-89 (4th Cir. 2001).

We have reviewed the record for meritorious issues and found none. Accordingly, we affirm Moody's sentence in each appeal. This Court requires that counsel for each defendant inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Moody's plea agreement contains a waiver of his right to appeal "the conviction and whatever sentence is imposed," by appeal pursuant to 18 U.S.C. § 3742(a)(2000), or collateral attack under 28 U.S.C. § 2255 (2000). Because it appears the district court did not specifically review the waiver with Moody in accepting his plea, we have reviewed the merits of his claims on appeal. *See United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991).