**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RAYMUNDO VALENCIA-TEPOZ,
　　　　　*Defendant-Appellant.*

No. 03-4729

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-03-103)

Submitted: February 4, 2004

Decided: March 17, 2004

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Raymundo Valencia-Tepoz pled guilty to illegal reentry after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to a term of fifty-seven months imprisonment. Valencia-Tepoz's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the enhancement of his client's base offense level by sixteen levels on the ground that the prior felony was a drug trafficking offense as defined in *U.S. Sentencing Guidelines Manual* § 2L1.2(b)(1)(A)(i) (2002), but asserting that, in his view, there are no meritorious issues for appeal. Valencia-Tepoz has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

Valencia-Tepoz pled guilty in 1999 to maintaining a stash house in violation of 21 U.S.C. § 856 (2000). The elements of this offense are that the defendant knowingly opened or maintained a place for the manufacture, distribution, or use of any controlled substance. Valencia-Tepoz was sentenced to eighteen months imprisonment and deported to Mexico in January 2000. Valencia-Tepoz was arrested in North Carolina in June 2001 and pled guilty to illegal reentry after being deported for conviction of an aggravated felony. An "aggravated felony," as used in § 1326(b)(2), means a drug trafficking crime as defined in 18 U.S.C. § 924(c) (2000), *see* 8 U.S.C. § 1101(A) (43)(b) (2000), while § 924(c)(2) defines a drug trafficking crime as "any felony punishable under the federal Controlled Substances Act (21 U.S.C. 801 et seq.). . . ." Valencia-Tepoz was properly convicted of the instant offense.

With respect to the sentence, a "drug trafficking offense" is defined in the commentary to USSG § 2L1.2(b)(1)(A) as a federal or state offense that involves "the manufacture, import, export, distribution, or

dispensing" of drugs or possession of drugs with intent to do any of the above. USSG § 2L1.2(b)(1)(A), comment. n.1(B)(iii). The guideline definition does not include offenses involving mere use of drugs or possession of drugs without intent to distribute or otherwise traffic in drugs.

In support of the enhancement, the government submitted a copy of Valencia-Tepoz's plea agreement in the prior case, which included a factual basis stating that he knowingly maintained a place for distributing methamphetamine and describing a distribution that took place in his residence. At the sentencing hearing, the district court considered the plea agreement and the incorporated factual basis and determined that Valencia-Tepoz's conviction for maintaining a stash house was a drug trafficking offense.

In cases where a sentence enhancement depends on the nature of a prior conviction, this court has approved a categorical approach which focuses on the fact of the conviction and the definition of the prior offense. *United States v. Brandon*, 247 F.3d 186, 193 (4th Cir. 2001) (following *Taylor v. United States*, 495 U.S. 575 (1990)). For those cases where the definition of the prior offense is broad and therefore ambiguous, the court may look to the facts contained in the charging document and the jury instructions, if any, to determine whether the defendant committed a crime of violence. *Id.* The focus is limited to "the facts necessarily decided by the prior conviction." *Id.* at 194 (quoting *United States v. Kirksey*, 138 F.3d 120, 124-25 (4th Cir. 1998)).

Although we have not addressed whether the sentencing court may consider a plea agreement to determine whether a prior offense is a predicate offense for sentence enhancement, other circuits that have addressed the issue have held that *Taylor* permits the court to consider a plea agreement. *See United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003) (categorical approach permits consideration of records of prior proceeding such as charging documents and "any plea thereto" to determine aggravated felony under § 2L1.2(b)(1)(D)) (quoting *United States v. Zamora*, 222 F.3d 756, 764 (10th Cir. 2000)); *United States v. Hill*, 131 F.3d 1056, 1064-65 (D.C. Cir. 1997) (court may consider guilty plea to determine whether prior conviction was crime of violence warranting enhancement under

USSG § 2K2.1(a)(2); collecting cases). *Hill* and the cases collected therein predate *Brandon* and *Kirksey*, but, like *Venegas-Ornelas*, are in accord with the holding in *Brandon* that, for those cases where the definition is broad and does not immediately clarify whether the offense was a predicate conviction, the court may look to the charging document and other certified court records, if necessary, to determine the "necessarily found elements" of the defendant's specific crime. *Brandon*, 247 F.3d at 194 (quoting *United States v. Watkins*, 54 F.3d 163, 166 (3d Cir. 1995)).

Here, the district court properly looked beyond the fact of the conviction in Valencia-Tepoz's case because the offense of maintaining a stash house could involve maintaining a place for drug use only. Based on the authorities cited previously, we conclude that the district court did not err in considering his plea agreement. Because the factual basis for Valencia-Tepoz's guilty plea established that his offense was a drug trafficking offense, the court did not err in deciding that he qualified for the sixteen-level enhancement under § 2L1.2(b)(1)(A)(i).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*