**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4676**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

LATRELL BARNES,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge. (CR-04-128-MJG)

———————

Submitted:  October 19, 2005         Decided:  November 9, 2005

———————

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Harold I. Glaser, GLASER & SOLOMON, L.L.C., Baltimore, Maryland, for Appellant.  Allen F. Loucks, United States Attorney, Harry M. Gruber, P. Michael Cunningham, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Latrell Barnes appeals his conviction and sentence for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no reversible error, we affirm.

Baltimore Police Officers Christine Hyatt and Kimberly Betts responded to a dispatch call for an aggravated assault. On arrival they observed Latrell Barnes standing in the open doorway of a dark green Toyota Camry. Barnes directed their attention toward a crowd of people. The officers then received a dispatch call informing them that an anonymous caller had just advised dispatch that the officers had just passed the person with the gun and that he was getting into a green Toyota Camry. Officer Hyatt told Barnes to get out of the car. Barnes hesitated to turn off the engine, and Hyatt repeated her order. As Barnes turned the engine off, he began reaching down as if attempting to place or retrieve an object under the seat. Officer Hyatt ordered Barnes to exit the car, but he continued to dip down toward the floor. Officer Hyatt opened the car door and ordered Barnes out of the car.

Officer Betts used her flashlight to illuminate the inside of the car. From outside the vehicle, Officer Hyatt saw the outline of a handgun wrapped in a white cloth material under the front seat. After seeing the handgun, Officer Hyatt placed handcuffs on Barnes and seized the gun.

Barnes first claims that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1, 30 (1968). To conduct a Terry stop, there must be "at least a minimal level of objective justification for making the stop." Id. Reasonable suspicion requires more than a hunch but less than probable cause, and it may be based on the collective knowledge of the police officers. Id. In assessing police conduct in a Terry stop, courts must look to the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989).

Barnes claims the officers did not have reasonable suspicion for a Terry stop. The officers based their stop upon: (1) the report of a gun assault; (2) an anonymous tipster stating that the officers had just passed the individual with the gun and that he was getting into a green Toyota Camry; (3) Barnes' failure

to comply with Officer Hyatt's directive to get out of the vehicle; and (4) Barnes' motion that suggested he was reaching under the front seat of the car. These actions, taken together, provided the officers with a reasonable and articulable suspicion that Barnes was engaged in criminal activity, thus justifying his detention and removal from the vehicle. See Maryland v. Wilson, 519 U.S. 408, 411 (1997) (no Fourth Amendment violation in requiring defendant to exit car to be frisked); Michigan v. Long, 463 U.S. 1032, 1049 (1983) (no Fourth Amendment violation for searching car's passenger compartment where a gun may have been secreted).

Barnes claimed the anonymous tip was not sufficient to establish reasonable suspicion because not enough suitable corroborative information existed to satisfy Florida v. J.L., 529 U.S. 266 (2000). The police officers in this case sufficiently corroborated the anonymous tipster through their observations of the car and Barnes' actions. The green Toyota Camry that the anonymous tip said the officers had passed matched the car the officers had earlier observed. The tipster also specifically referenced the officers and that they had just walked past the person with the gun. Barnes exhibited furtive behavior, including failure to comply with the officer's order to turn the engine off and exit the vehicle and suspicious motions as if he was reaching under the car seat. See United States v. Sims, 296 F.3d 284, 287 (4th Cir. 2002) (evasive behavior is a relevant factor in Terry

- 4 -

analysis and sufficient corroboration to satisfy <u>J.L.</u>).  Taken in context, the officers' observations of the car and Barnes' actions sufficiently corroborated the anonymous tip, and the district court properly found the facts justified a <u>Terry</u> stop and detention of Barnes.

Further, the officers properly searched the car and seized the gun because they saw the gun in plain view from outside the vehicle.  "The plain view doctrine authorizes warrantless seizures of incriminating evidence when (1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." <u>United States v. Jackson</u>, 131 F.3d 1105, 1109 (4th Cir. 1997).  An officer who sees an incriminating object in plain view inside a vehicle during a vehicle stop may seize that object.  <u>Texas v. Brown</u>, 460 U.S. 730, 741 n.6 (1983).  Officer Hyatt clearly saw the outline of the gun and properly seized it.  The district court did not err in denying Barnes' motion to suppress.

Barnes also claims the district court erred when it sentenced him as an armed career criminal under 18 U.S.C. § 924(e)(1) (2000).  We review the district court's legal determinations de novo and its factual findings for clear error.  <u>See</u> <u>United States v. Brandon</u>, 247 F.3d 186, 188 (4th Cir. 2001).  Barnes argues that his prior conviction for escape is not a violent

felony because he merely did not return from a work release. However, this court has consistently held that the offense of felony escape qualifies as a violent felony for purposes of the classification of an armed career criminal. See United States v. Wardrick, 350 F.3d 446, 455 (4th Cir. 2003); United States v. Hairston, 71 F.3d 115, 188 (4th Cir. 1995). The district court did not err in finding that Barnes' felonies were violent felonies.

Barnes also claims the district court improperly enhanced his sentence by using his prior convictions to conclude he was an armed career criminal under U.S. Sentencing Guidelines Manual § 4B1.4(a) (2004). Because Barnes preserved his Sixth Amendment claim by objecting to his armed career criminal classification based upon Blakely v. Washington, 124 S. Ct. 2531 (2004), this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). This court has recently ruled that the nature and occasion of prior offenses are facts inherent in the convictions and that the government does not have to allege prior convictions in the indictment or submit proof of them to a jury to invoke the armed career criminal enhancement. United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005). Thus, the district court did not err when it used Barnes' prior convictions in calculating Barnes' sentence.

Barnes finally claims that the district court erred when it sentenced him under the mandatory sentencing guidelines. The

district court sentenced Barnes to the statutory minimum sentence under 18 U.S.C. § 924(e)(1). In <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir. 2005), this court stated that "<u>Booker</u> did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence." As the district court could not depart below the statutory minimum, the district court did not commit <u>Booker</u> error.

Accordingly, we affirm Barnes' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>