**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4326**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

GEORGE MOIR HYLTON, JR.,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:08-cr-00050-gec-1)

———————

Submitted:  May 9, 2011                Decided:  May 19, 2011

———————

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph G. Painter, Jr., JOSEPH GRAHAM PAINTER, JR., PC, Blacksburg, Virginia, for Appellant. Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Moir Hylton, Jr., pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to 180 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in finding that Hylton was an armed career criminal. Hylton filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Counsel argues that the district court erred in concluding that Hylton qualified as an armed career criminal because his prior convictions for violent felonies were sustained twenty-five years prior to sentencing for the instant offense. This court reviews the question of whether prior convictions qualify as predicate convictions under the Armed Career Criminal Act de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). Under 18 U.S.C. § 924(e) (2006), if a defendant violates § 922(g) after sustaining three prior convictions for violent felonies or serious drug offenses, the

---

[*] We have considered the issues raised in Hylton's pro se brief and conclude they lack merit.

2

statutory mandatory minimum term of imprisonment is fifteen years. 18 U.S.C. § 924(e)(1). A violent felony is defined as a crime punishable by a term exceeding one year of imprisonment that has as an element the use, attempted use, or threatened use of physical force; is burglary; or involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B)(i)-(ii). We have thoroughly reviewed the record and conclude that the district court did not err in determining that Hylton qualified as an armed career criminal.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Hylton, in writing, of the right to petition the Supreme Court of the United States for further review. If Hylton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hylton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED