**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4526**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

DEMARIO ABRAHAM,

              Defendant – Appellant.


Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:09-cr-00040-MR-4)


Submitted:  May 27, 2011                    Decided:  June 10, 2011


Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.


Affirmed by unpublished per curiam opinion.


James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Abraham appeals the 134-month sentence imposed following his guilty plea to one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371 (2006) ("Count One"); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2006) ("Count Two"); and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006) ("Count Three"). On appeal, Abraham argues that the district court erred when it imposed a consecutive seven-year sentence on Count Three pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) because he did not brandish a firearm. Finding no reversible error, we affirm.

We review de novo questions of statutory interpretation arising from the imposition of a sentence. See United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). Section 924(c)(1)(A) requires the imposition of a consecutive five-year sentence where a defendant possesses a firearm in furtherance of a crime of violence; however, "if the firearm is brandished, [the defendant shall] be sentenced to a term of imprisonment of not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii). For purposes of § 924(c), "brandish" is defined as "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in

2

order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4).

Abraham does not dispute that he engaged in a conspiracy in which his coconspirators brandished firearms. Instead, he argues that, because he personally did not "display" the firearm, he lacked the specific intent required to have brandished the firearm and, therefore, be subject to the enhanced statutory penalty.[*] However, "[a] defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998). Because it was reasonably foreseeable that Abraham's coconspirators would brandish firearms in furtherance of the conspiracy and they did, in fact, do so, we hold that the district court did not err in subjecting Abraham to the enhanced penalties found in § 924(c)(1)(A)(ii).

---

[*] Abraham seeks support from the Supreme Court's discussion in Dean v. United States, 129 S. Ct. 1849, 1853-54 (2009), of § 924(c)(4)'s requirement that "[t]he defendant must have intended to brandish the firearm" for a specific purpose. Dean does not bolster Abraham's argument, however, as it does not speak to the concept of coconspirator liability.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED