**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-5116**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BARRY MUREL,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:10-cr-00013-JFM-1)

—————————

Submitted: October 16, 2012      Decided: December 28, 2012

—————————

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John W. Sippel, Jr., Peter M. Nothstein, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Barry Murel (Murel) was convicted on two counts of possession with the intent to distribute controlled substances, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). The district court sentenced him to a total of 192 months' imprisonment. On appeal, Murel challenges his convictions and sentence. For the following reasons, we affirm.

I.

A controlled purchase of cocaine base on June 10, 2009, from Murel by a confidential informant in front of Murel's residence resulted in Murel's arrest three days later on June 13, 2009. A search of Murel's person incident to his arrest resulted in the recovery of, inter alia, two plastic bags containing cocaine base and three plastic bags containing heroin. Based upon the June 10 controlled purchase, a search warrant was issued for Murel's residence on June 12, 2009. Execution of such search warrant the next day resulted in law enforcement officers recovering a firearm and ammunition from Murel's bedroom.

One of Murel's two instant offenses for possession with the intent to distribute a controlled substance stemmed from the seizure of cocaine base from his person during the search

incident to his arrest on June 13, 2009. Murel's other possession-with-the-intent-to-distribute offense stemmed from the seizure of heroin from Murel's person during the same search incident to his arrest. Murel's instant offense for possession of a firearm and ammunition by a convicted felon stemmed from the recovery of the firearm and ammunition from Murel's bedroom. Notably, the controlled purchase by the confidential informant on June 10, 2009, did not serve as the basis of any of Murel's three instant offenses. Moreover, the government did not offer evidence of such controlled purchase during Murel's trial.

II.

Murel seeks reversal of all three of his convictions based upon his argument that the district court erred by denying his pretrial motion to require the government to disclose the identity of the confidential informant who conducted the controlled purchase on June 10, 2009. Murel's argument is without merit.

A district court's decision to deny a defendant's motion for disclosure of the identity of a confidential informant is reviewed for abuse of discretion. United States v. Gray, 47 F.3d 1359, 1363-64 (4th Cir. 1995). Of relevance to the present appeal, the qualified privilege of the government to withhold the identity of persons who furnish information of illegal

activity to law enforcement officers must give way "[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused . . . ." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). See also United States v. Smith, 780 F.2d 1102, 1107 (4th Cir. 1985) (public's interest in encouraging persons to come forward with information that can aid effective law enforcement and interest in maintaining the safety and security of such persons must be balanced against defendant's right to present his defense). The defendant bears the burden of establishing an actual basis for entitlement to disclosure of the identity of a confidential informant. United States v. D'Anjou, 16 F.3d 604, 609-10 (4th Cir. 1994).

Below, Murel offered the district court no explanation as to how disclosure of the identity of the confidential informant would be relevant to any defense he sought to present at trial. Instead, Murel merely speculated in a conclusory manner that such confidential informant "could potentially provide relevant and helpful testimony for the defense concerning what occurred and what the CI observed, if anything, at [his residence] in connection with the alleged controlled buy on Jun[e] 10, 2009." (J.A. 148-49) (Murel's Motion to Compel Disclosure of Confidential Informant Information).

After reviewing Murel's arguments, the record, and the relevant legal authorities, we conclude Murel failed to carry

his burden of establishing an actual basis for disclosure of the identity of the confidential informant who conducted the controlled purchase from Murel on June 10, 2009. Accordingly, the district court did not abuse its discretion in denying Murel's motion to compel disclosure of such confidential informant's identity. Of significant importance to our conclusion is the fact that although the confidential informant participated in the controlled purchase which resulted in Murel's arrest and issuance of the search warrant for his residence, Murel's participation in the controlled purchase is not the subject of his instant offenses. Smith, 780 F.2d at 1108 (in determining whether defendant carried his burden of establishing entitlement to disclosure of identity of confidential informant, "[o]ne of the most important factors to be considered is the materiality of the evidence to the defendant's particular defense"). Rather, Murel was charged with three criminal offenses stemming from evidence recovered three days after the controlled purchase at issue. In sum, Murel has offered nothing more than rank speculation as to how disclosure of the identity of the confidential informant would have been relevant to his defense; therefore, he has failed to carry his burden on this issue. See id. (disclosure of confidential informant's identity only required after court has determined such informant's "testimony is highly relevant").

- 5 -

III.

Murel next challenges the district court's conclusion that he qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Under the ACCA, a defendant is subject to a mandatory minimum of fifteen years' imprisonment if his instant offense is a violation of § 922(g) and he has at least three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." Id. § 924(e)(1). The government bears the burden of proving a defendant has three predicate convictions under the ACCA by a preponderance of the evidence. United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009). Here, the district court determined the government carried its burden of proving that Murel had three predicate convictions under the ACCA. We review this determination de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001).

Murel concedes that his 2003 Maryland state court conviction for possession with the intent to distribute heroin is a serious drug offense as defined by the ACCA and, therefore, qualifies as a predicate conviction. He also concedes that his 1980 Maryland state court conviction for attempted robbery is a violent felony as defined by the ACCA. He argues, however, that such conviction cannot serve as a predicate conviction under the

ACCA because it occurred outside of the ten-year time limit set forth in § 4A1.2(e)(2) of the United States Sentencing Guidelines (USSG or Guidelines). Pursuant to USSG § 4A1.2(e)(2), when computing a defendant's prior criminal history, a conviction which occurred more than ten years before the instant offense is not counted. The fallacy in Murel's argument is that the ACCA does not contain the temporal restriction on prior convictions set forth in USSG § 4A1.2(e)(2). United States v. Presley, 52 F.3d 64, 69-70 (4th Cir. 1995) (no temporal restrictions on prior convictions for purposes of qualifying as a predicate conviction under ACCA). See also USSG § 4B1.4 comment.(n.1) (time periods for counting prior sentences under USSG § 4A1.2 not applicable to whether defendant is subject to enhanced sentence under § 924(e)). Therefore, Murel's 1980 conviction for attempted robbery was not time barred and counts as a second predicate conviction under the ACCA.

This brings us to Murel's 1998 Maryland state court conviction for resisting arrest. Resisting arrest is categorically a violent felony for ACCA purposes. United States v. Jenkins, 631 F.3d 680, 682-85 (4th Cir. 2011); United States v. Wardrick, 350 F.3d 446, 455 (4th Cir. 2003). Murel did not argue otherwise below; rather he only argued that his resisting arrest conviction could not be counted for ACCA purposes because

- 7 -

it was timed out.  Notably, Murel does not make any mention of his resisting arrest conviction on appeal.  Because we have already rejected Murel's timed-out argument and Murel's resisting arrest conviction is categorically a violent felony for ACCA purposes, it serves as his third predicate conviction. Accordingly, the district court did not err in determining that Murel qualified for an enhanced sentence under the ACCA.

## IV.

Murel contends the district court failed to explain the extent to which the 18 U.S.C. § 3553(a) factors supported its sentencing him to a 192-month term of imprisonment, and therefore, imposed a procedurally unreasonable sentence.

Murel's contention is without merit.  Our review of the record discloses the district court met its obligations of procedural reasonableness with respect to the § 3553(a) factors by placing on the record an individualized assessment of the § 3553(a) factors based on the particular facts of Murel's case and explaining the extent to which the § 3553(a) factors supported its chosen sentence below his advisory range under the Guidelines in a manner sufficient to permit us to conduct meaningful appellate review.  See United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) (district court need not robotically tick through every § 3553(a) factor; conversely,

- 8 -

talismanic recitation of every § 3553(a) factor without application to defendant being sentenced does not demonstrate reasoned decision-making or provide adequate basis for appellate review; rather, district court must place on record individualized assessment based on particular facts of case at hand; such assessment need not be elaborate or lengthy, but must provide rationale tailored to particular case at hand and adequate to permit meaningful appellate review).

V.

Having concluded Murel's sentence is procedurally reasonable, we now consider Murel's challenge to its substantive reasonableness. We review the substantive reasonableness of Murel's sentence for abuse of discretion, examining the totality of the circumstances, including the extent of the district court's downward variance to 192 months' imprisonment from his advisory range of 235 to 293 months' imprisonment under the Guidelines. See United States v. Morace, 594 F.3d 340, 345–46 (4th Cir. 2010) (in reviewing sentence for substantive reasonableness, appellate court must take into account totality of the circumstances, including extent of any variance from defendant's advisory range under the Guidelines). We have reviewed the record and conclude that the district court considered the parties' arguments and adequately explained its

chosen sentence pursuant to the § 3553(a) factors, particularly the need to protect the community from Murel and the need to deter him from the conduct which resulted in his instant convictions. Murel has failed to demonstrate an abuse of discretion. Accordingly, we uphold Murel's sentence as substantively reasonable.

## VI.

For the reasons stated herein, we affirm Murel's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED