[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13599
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cr-00124-CEH-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Bailey appeals his 180-month sentence for possession of a firearm

and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Mr.

Bailey argues that the district court erred in determining that he had three

qualifying prior convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  After reviewing the record and the parties' briefs, we affirm.

## I.

Mr. Bailey was arrested after law enforcement officers executed a search warrant in his residence and seized various items, including a firearm, ammunition, trace amounts of cocaine, a plastic bag containing 3.3 grams of cocaine, a plastic bag containing marijuana, cash, and drug paraphernalia. *See* Presentence Investigation Report ¶ 14.  Prior to committing the instant offense, Mr. Bailey had been convicted in state court for (1) sale or delivery of a controlled substance and for possessing a controlled substance with intent to sell or deliver (Case No. 90-4199); (2) sale or delivery of a controlled substance (Case No. 93-30897); (3) trafficking in 28-200 grams of cocaine (Case No. 02-31522); and (4) resisting an officer with violence to his person (Case No. 91-5074).  *See id.* ¶¶ 18, 38.  Based on these convictions, the probation office recommended that the district court sentence Mr. Bailey as an armed career criminal pursuant to the ACCA.  Mr. Bailey objected, arguing that the convictions were not qualifying predicate convictions.  The district court overruled the objections and sentenced Mr. Bailey to the statutory minimum term of 180 months.

## II.

The ACCA imposes a mandatory sentence of at least 15 years in prison for any felon who possesses a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1), if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  A "violent felony" means any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."  § 924(e)(2)(B).  A "serious drug offense" includes a state offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  § 924(e)(2)(A)(ii).  In determining whether a conviction qualifies as a predicate offense for ACCA purposes, courts generally apply a categorical approach, looking no further than the fact of conviction and the statutory definition of the offense.  *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010).  We review *de novo* whether a conviction is a "violent felony" or a "serious drug offense" pursuant to the ACCA.  *United States v. James*, 430 F.3d 1150, 1153 (11th Cir. 2005).

Mr. Bailey argues that the narcotics convictions in Case Nos. 90-4199 and 93-30897 did not qualify as "serious drug offense[s]" because at the time he

3

committed those offenses the statute of conviction, Fla. Stat. § 893.13, applied to offenses that involved the sale, manufacture, or delivery of a controlled substance *and* to offenses that involved the mere purchase of a controlled substance.  Relying on one of our prior cases, he argues that the judgments for those convictions did not resolve the ambiguity because "sale or delivery" is a "term of art as it relates to that statute," and does not rule out the possibility that he was convicted of purchasing a controlled substance, which would not qualify under the ACCA.  *See United States v. Hernandez*, 145 F.3d 1433 (11th Cir. 1998).

In *Hernandez* we held that the district court erroneously determined that Mr. Hernandez's prior conviction under the same statute, Fla. Stat. § 893.13,[1] qualified him for a sentence enhancement as a career offender under U.S.S.G. § 4B1.1.  *Id.* at 1440.[2]  We ruled that the district court had erred by consulting arrest affidavits to characterize the predicate offenses, emphasizing that the district court's "inquiry in resolving the ambiguity of the [ ] convictions should . . . be limited to examining easily produced and evaluated court documents, such as any helpful plea

---

[1] The 1993 version of the statute at issue in *Hernandez* made it "unlawful for any person to sell, purchase, manufacture, deliver, or possess with the intent to sell a controlled substance." *Hernandez*, 145 F.3d at 1440.

[2] Under the Sentencing Guidelines, a "defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

4

agreements or plea transcripts, any presentencing reports adopted by the sentencing judges, and any findings made by the sentencing judges." *Id.*

We agree with the district court in this case that it is "clear on the face of the judgment[s]" that Mr. Bailey was convicted of sale or delivery, although the statute at the time encompassed purchase as well. *See* Judgment in Case No. 90-4199, Govt.'s Ex. 1 (reflecting conviction for "Unl. Sale/Deliv. Cont. Subst."); Judgment in Case No. 93-30897, Govt.'s Ex. 2 (reflecting conviction for "Sale or Delivery of a Controlled Substance"). In *Hernandez*, the language in Mr. Hernandez's state court judgments tracked the language in the statute and thus did not indicate whether the convictions were for the purchase of the controlled substances or for the sale of the controlled substances. Here, however, both judgments state "sale or delivery," with no mention of "purchase," and thus establish that Mr. Bailey's convictions—for sale or delivery of a controlled substance and for possession of a controlled substance with intent to sell or deliver—are serious drug offenses under the ACCA.

Mr. Bailey also argues that his conviction for trafficking in 28-200 grams of cocaine in Case No. 02-31522 did not qualify as a serious drug offense. Mr. Bailey acknowledges that he raised this objection solely to preserve it for further review "because there is a conflict in the circuits." Appellant's Brief at 14 (citing *United States v. Brandon*, 247 F.3d 186 (4th Cir. 2001)). As Mr. Bailey

5

recognizes, his argument is foreclosed by our precedent. *See James*, 430 F.3d at 1155 (holding that a violation of Florida's drug trafficking statute, Fla. Stat. § 893.135, constitutes an ACCA predicate offense because the "statute necessarily infers an intent to distribute [cocaine] once a defendant possesses 28 grams or more").

Finally, Mr. Bailey's argument that his conviction for resisting an officer with violence to his person in Case No. 91-5074 does not qualify as a "violent felony" is also foreclosed by precedent. *See United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010) (holding that a Florida conviction for resisting an officer with violence is a "violent felony" under the ACCA).

## III.

We affirm the district court's imposition of the mandatory minimum sentence under the ACCA.

**AFFIRMED.**

6