**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4372**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

KEVIN ERIC FIKES, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:13-cr-00291-NCT-1)

_____

Submitted: October 14, 2014          Decided:  October 22, 2014

_____

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Greg Davis, Assistant
Federal Public Defender, Winston-Salem, North Carolina, for
Appellant. Ripley Rand, United States Attorney, Stephen T.
Inman, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Fikes appeals his sentence of 180 months' imprisonment imposed after pleading guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Fikes contends that the district court, in designating him an armed career criminal, (1) plainly erred because his predicate offenses were neither pleaded in the indictment nor proven to a jury beyond a reasonable doubt; and (2) erred because his predicate offenses were consolidated for judgment. We affirm.

Fikes's challenge that the district court should not have sentenced him as an armed career criminal because his predicate offenses were neither pleaded in the indictment nor proven beyond a reasonable doubt was not raised in the district court; we thus review the court's decision for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). Fikes must show (1) an error, (2) that is plain, (3) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732-36.

We have reviewed the record and conclude that the district court did not plainly err. "[T]he 'fact of a prior conviction' remains a valid enhancement even when not found by the jury." Thompson v. United States, 421 F.3d 278, 282 (4th

2

Cir. 2005); accord Alleyne v. United States, 133 S. Ct. 2151, 2161 (2013).

Fikes's next challenge, that the district court should not have sentenced him as an armed career criminal because his predicate offenses were consolidated for judgment, is reviewed de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001).

We have reviewed the record and conclude that the district court did not err on these grounds. Predicate offenses need not be tried or sentenced separately to be counted as separate offenses for purposes of the armed career criminal enhancement. United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED