**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4906**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WAYNE VINSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:06-cr-01170-CMC-1)

Submitted:  July 29, 2009          Decided:  August 13, 2009

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicole N. Mace, THE MACE FIRM, Myrtle Beach, South Carolina, for
Appellant.  W. Walter Wilkins, United States Attorney, Robert C.
Jendron, Jr., Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Vinson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). The district court found that Vinson had at least three prior felonies under the Armed Career Criminal Act ("ACCA"), § 924(e), and sentenced him to 210 months in prison.* Vinson now appeals, raising several issues related to his predicate offenses under § 924(e). On appeal, he also claims that one of his prior convictions for possession with intent to distribute was obtained in violation of his Sixth Amendment right to counsel, and also that the district court should have allowed him to withdraw his guilty plea. After reviewing Vinson's claims, we affirm his conviction and deny his motion to file a supplemental, pro se brief.

We deal first with Vinson's claim that his two prior convictions for possession with intent to distribute cocaine do not qualify as serious drug offenses under the ACCA. An offense under state law is a "serious drug offense" if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in

---

* Vinson's sentencing range under the federal Sentencing Guidelines was 235 months to 293 months. At sentencing, the district court granted Vinson a variance, although not as large as he had sought.

section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii) (2006).

Pursuant to Taylor v. United States, 495 U.S. 575, 600 (1990), the court uses a "categorical approach" to determine whether a prior conviction serves as a predicate conviction under § 924(e).  United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001).  Under this approach, the court will "look [ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  Id. (quoting Taylor, 495 U.S. at 600).

Vinson claims that because the South Carolina statute under which he was convicted also criminalizes the purchase of drugs, the district court needs to look beyond the statute to evaluate Vinson's conduct.  We disagree.  Vinson actually pleaded guilty to an offense that is enumerated in § 924(e)(2)(A)(ii).  Therefore, as the Government points out, it is not necessary for the district court to examine additional material regarding the conviction.  We also note that Vinson's reliance on United States v. Hernandez, 145 F.3d 1433 (11th Cir. 1998), and Brandon is misplaced.  Hernandez involved a defendant whose prior judgments were ambiguous about whether his drug crimes involved the purchase or sale of drugs, while Brandon

3

involved a defendant who pled guilty to a possession offense. See 145 F.3d at 1440; 247 F.3d at 189.

Vinson also argues that one of his convictions for possession with intent to distribute should be overturned because it was obtained in violation of his Sixth Amendment right to counsel. We reject this argument. Because Vinson did not raise this claim in the district court, we review it for plain error. See United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993). To be plain, an error must be "clear" or "obvious." United States v. Olano, 507 U.S. 725, 740 (1993). Vinson's sole basis for his claim that he was unrepresented is a line in his presentence investigation report stating that for his February 1989 conviction, "[a]ttorney representation is unknown." However, the report also notes that at the time of the conviction, South Carolina law required either that counsel be provided or that the defendant make a voluntary and intelligent waiver of his right to counsel. Mere ambiguity in the presentence investigation report does not evidence a clear or obvious error, and so Vinson's argument fails.

Since we find that Vinson's two prior convictions for possession with intent to distribute and his prior aggravated assault conviction qualify as predicate offenses under the ACCA, we need not reach the merits of his other ACCA claims.

Vinson's final claim is that he should have been permitted to withdraw his guilty plea. In this case, Vinson has not met his burden in showing that the district court erred by not allowing him to withdraw his plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (listing factors for the district court to consider in deciding whether to allow a defendant to withdraw his guilty plea). The district court conducted a thorough plea colloquy, informing Vinson of the potential penalties he was facing and ensuring Vinson's plea was knowing and voluntary. Further, we are particularly skeptical of Vinson's claim because Vinson did not raise the issue until about a year after he entered the plea, after he was arrested on another charge.

Vinson has also moved this court to allow him to file a pro se brief. Since Vinson is represented by counsel, we deny his motion.

For the reasons above, we affirm Vinson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED