**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5103**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CHRISTOPHER EUGENE BLITCHINGTON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, District Judge. (1:07-cr-01019-MBS-1)

Submitted: April 29, 2010           Decided: May 21, 2010

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Stanley Duane Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Eugene Blitchington pleaded guilty to being a felon in possession of a firearm and received a 120-month sentence. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief stating that he has discerned no meritorious issues, but raising the issues of whether the plea was valid under Fed. R. Crim. P. 11, and whether the district court erred in applying the Armed Career Criminal Act (ACCA) enhancement to the sentence. The Government declined to file a brief, and Blitchington has filed a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel raises the issue of whether the guilty plea was valid under Rule 11, but ultimately concludes that the court complied with the requirements of Rule 11 and that the plea was knowing and voluntary. Because Blitchington did not move in the district court to withdraw his guilty plea, the Rule 11 proceeding is reviewed for plain error, United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). A review of Blitchington's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Blitchington's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Blitchington's conviction.

Counsel next raises the issue of whether, under the ACCA, Blitchington's second degree burglary conviction should not have counted as a violent felony because, under South Carolina law, it is not considered a violent offense. A defendant is an armed career criminal when he violates 18 U.S.C. § 922(g)(1) (2006) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1) (2006); USSG § 4B1.4(a). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," "is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii) (2006).

In reviewing a lower court's determination that a defendant is an armed career criminal as defined by the ACCA, we review factual findings for clear error and legal conclusions de novo. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003) (citing United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001)). To determine whether an offense under state law falls within the definition of a violent felony, this court uses a categorical approach, which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not

3

controlling.  See Taylor v. United States, 495 U.S. 575, 590-91 (1990).  For purposes of the ACCA, "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  Id. at 599.  While a court normally may look only to the fact of the conviction and the statutory definition, because some states broadly define burglary to include places other than buildings, the categorical approach may "permit the sentencing court to go beyond the mere fact of conviction."  Id. at 602; Shepard v. United States, 544 U.S. 13, 16-17 (2005).  An offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building," so "the jury necessarily had to find an entry of a building to convict."  Taylor, 495 U.S. at 602.

Blitchington does not contest the facts surrounding the burglary conviction.  Blitchington entered a building, Peggy's Minit Shop, in the nighttime, and he took or carried away personal goods of the shop in excess of $1000 in value.  This crime fits the definition of a generic burglary.  See Taylor, 495 U.S. at 598-99.  Therefore, the court did not err in

4

counting the conviction toward the three needed for ACCA purposes.

In 1993, 1995, and 2004, Blitchington was convicted of failure to stop for a blue light in violation of S.C. Code Ann. § 56-6-750. At sentencing, Blitchington objected to the use of these convictions to enhance his sentence under the ACCA because they were not violent felonies. The court overruled the objections. Since the sentencing, this court has squarely addressed the issue of whether failure to stop for a blue light is a violent offense and held "that a violation of South Carolina's blue light statute, S.C. Code Ann. § 56-5-750(A), does not qualify as a predicate offense for purposes of the ACCA." United States v. Rivers, 595 F.3d 558, 565 (4th Cir. 2010). Although the district court did not have the benefit of the court's decision in Rivers, in light of the new decision, the district court erred in overruling the objection. However, because Blitchington has three other qualifying convictions, the error is harmless.

Blitchington filed a pro se supplemental brief and, in addition to the issues counsel addressed in the Anders brief, raised the following issues: the 2004 assault and battery conviction was also non-violent and should not have been used for ACCA purposes, the district court treated the Sentencing Guidelines as mandatory, he should have received a greater

5

reduction for substantial assistance, his attorney did not provide effective assistance at sentencing, there was a sentence disparity between the sentence he received for a firearm conviction versus the sentences others have received for firearm offenses, he received ineffective assistance by appellate counsel, and the Government and Alcohol, Tobacco, and Firearms (ATF) agents coerced witnesses to testify. We have reviewed these issues and conclude that they are without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Blitchington's conviction and sentence. This court requires that counsel inform Blitchington, in writing, of the right to petition the Supreme Court of the United States for further review. If Blitchington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blitchington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED