**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4592**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ISAAC LAMONT WILLIAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00111-TDS-1)

———————

Submitted: February 16, 2012      Decided: March 1, 2012

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Brodie Erwin, Third Year Law Student, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Isaac Lamont Williams was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006) and sentenced as an armed career criminal. On appeal, Williams claims the following: (1) the district court plainly erred by admitting testimony from a crime scene technician and an FBI agent; (2) the court erred by not giving Williams access to grand jury testimony; (3) his right to due process was violated because an exculpatory witness was deported; (4) the evidence was not sufficient to support the conviction; (5) the court erred by relying on a prior conviction to support his armed career criminal status; and (5) counsel was ineffective. Finding no error, we affirm.

Williams was arrested after a high speed car chase and foot pursuit. Police also seized a shotgun that was thrown from the vehicle. At trial, it was stipulated that Williams had a predicate felony conviction.

Williams claims the district court plainly erred because it allowed the crime scene technician to testify about retrieving palm prints from the vehicle without qualifying her as an expert. Similarly, he claims the court plainly erred by permitting an FBI agent to testify about whether he believed the shotgun was operable.

2

This court reviews a district court's evidentiary decisions for abuse of discretion. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). Evidentiary rulings are subject to harmless error review, and, in order to find a district court's error harmless, this court "need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks omitted); see also United States v. Forrest, 429 F.3d 73, 81 (4th Cir. 2005).

Because Williams did not object to the testimony offered by either witness, review is for plain error. See United States v. Wilson, 484 F.3d 267, 277-78 (4th Cir. 2007). Under this standard, there must be an error that is plain that affects the defendant's substantial rights. Id. at 278. Even if Williams makes this showing, the error will be noticed only if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005).

Federal Rule of Evidence 701 permits opinion testimony by a lay witness if it is rationally based upon the witness' perception, helpful to provide a clearer understanding of the testimony or to determining a fact in issue and is not based

3

upon scientific, technical or other specialized knowledge within the scope of Federal Rule of Evidence 702.

Under Rule 702, expert testimony is admissible if it will assist the trier of fact and is (1) "based on sufficient facts or data," (2) "the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

We have reviewed the challenged testimony and conclude there was no error, much less plain error. Both witnesses were clearly testifying from their perception and offering opinions based on their perception.[*]

Williams also claims the district court erred in denying him access to grand jury testimony based on his assertion that a witness did not testify before the grand jury consistently with the police reports. We conclude this claim is without merit. Unlike the situation in United States v. Feurtado, 191 F.3d 420, 423-24 (4th Cir. 1999), Williams failed to provide any substantive evidence showing that the witness gave false or misleading testimony that led to the indictment.

---

[*] Even if there was error, Williams fails to show his substantial rights were violated because he fails to show that the witnesses would not have qualified as experts had counsel objected.

4

Williams also claims his right to due process was violated because an exculpatory witness was deported prior to trial. This claim is reviewed for plain error because Williams initially raised this claim some ten months after the trial. The Sixth Amendment right of a defendant in a criminal proceeding to compulsory process for witnesses is "so fundamental and essential to a fair trial[.]" Washington v. Texas, 388 U.S. 14, 17-18 (1967). The right to compulsory process is not absolute, and is available only if the defendant can show that the evidence is relevant, material and vital. United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 873-74 (1982). Evidence is "material" only if there is a "reasonable likelihood that the testimony could have affected the judgment of the trier of fact." Id. at 874.

We conclude there was no plain error because Williams cannot show his substantial rights were violated. Williams' claim that the witness would have offered exculpatory testimony is speculative at best. Furthermore, as will be discussed, the evidence against Williams was overwhelming.

Williams claims the evidence was insufficient. A defendant challenging the sufficiency of the evidence bears "a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). In determining whether the evidence in the record is sufficient,

5

this court views the evidence in the light most favorable to the Government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). This court reviews both direct and circumstantial evidence and permits the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court does not review the credibility of witnesses and assumes the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

To support a conviction for felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the Government must prove the following elements: (1) the defendant previously had been convicted of a felony; (2) the defendant knowingly possessed a firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence. United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc).

The evidence against Williams and in support of the conviction was overwhelming. Williams was identified as the person leaving the vehicle after engaging in a high speed car chase. The shotgun was retrieved after it was seen being thrown from the vehicle. It was determined that the shotgun was operable and that it had moved in interstate commerce. In

6

addition, it was stipulated that Williams had a prior felony conviction. As additional support, we note there was fingerprint evidence, video tape recordings and photographs and evidence of statements Williams made after his arrest. We conclude there was substantial evidence supporting the conviction.

Williams claims that his 1990 conviction for attempt to sell cocaine should not have been considered a serious drug offense for purposes of his armed career criminal status ("ACCA") because it does not involve the manufacturing, distributing or possession of a controlled substance. This court reviews a district court's determination of whether a prior conviction qualifies as a predicate conviction for purposes of the ACCA de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). Under the ACCA, if a defendant is convicted of violating § 922(g) and has sustained three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to a statutory mandatory minimum of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines a serious drug offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for

7

which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C.A. § 924(e)(2)(A)(ii).

As noted in Brandon, the word "involve" should be "read expansively." Brandon, 247 F.3d at 190. Clearly, an attempt to distribute, manufacture or possess cocaine would involve conduct defined as a serious drug offense. In United States v. Winbush, 407 F.3d 703, 706-08 (5th Cir. 2005), the appellant claimed that his attempt offense was not a serious drug offense because it was not a completed offense. The court rejected his claim, finding that the use of the word "involve" did not serve to narrow the types of convictions that could be considered for ACCA purposes. We agree and cite as additional support for the conclusion United States v. Alexander, 331 F.3d 116, 130-31 (D.C. Cir. 2003), and United States v. King, 325 F.3d 110, 113-14 (2d Cir. 2003).

Finally, Williams claims his trial counsel was ineffective. Ineffective assistance of counsel claims are not generally cognizable on direct appeal, however, unless ineffective assistance "conclusively appears" on the record, see United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006), and such a claim should generally be raised by a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2011). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We have reviewed the record and took note of the issues raised by

8

Williams and conclude that the record does not conclusively show that counsel was ineffective.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED