UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 12-4439
(4:11-cr-00769-TLW-1)

───────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

      v.

TIMOTHY CHAMEL HICKSON,

           Defendant - Appellant.

───────────

O R D E R

───────────

     The Court amends its opinion filed December 13, 2012, as follows:

     On page 2, line 10 of text -- the word "the" is added before the word "sentence."

                              For the Court – By Direction

                              /s/ Patricia S. Connor
                                        Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4439**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TIMOTHY CHAMEL HICKSON,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-00769-TLW-1)

─────────────

Submitted:  October 31, 2012     Decided:  December 13, 2012

─────────────

Before WYNN, DIAZ, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Chamel Hickson pleaded guilty to possession of a firearm after sustaining a prior conviction for an offense punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Hickson to 188 months of imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court fully complied with Fed. R. Crim. P. 11, whether the court erred in finding that Hickson was an armed career criminal, and whether the sentence was reasonable. Hickson has also filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Counsel first questions whether the district court complied with Rule 11. The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the

---

[*] We have considered the issues raised in Hickson's pro se brief and conclude they lack merit.

2

maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

In addition, as Hickson did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We conclude, therefore, that Hickson's guilty plea was knowing and voluntary.

Counsel next questions whether the district court correctly concluded that Hickson qualified for the enhanced penalties of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006). We review a district court's determination of whether prior convictions qualify as predicate convictions for purposes of the ACCA de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). Under the ACCA, if a defendant is convicted of violating § 922(g) and has sustained three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to a statutory mandatory minimum of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). A violent felony is

3

defined as a "crime, punishable by a term exceeding one year of imprisonment, . . . that . . . has as an element the use, attempted use, or threatened use of force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A serious drug offense is any offense under state law that involves the distribution of a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law.

In addition, to determine whether offenses were committed on occasions different from one another, a court must consider:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense.

United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (citing United States v. Letterlough, 63 F.3d 332, 335-37 (4th Cir. 1995)). Here, Hickson had sustained prior convictions for assault and battery of a high and aggravated nature and two counts of distribution of cocaine base. The district court did not err in determining that the controlled substance offenses were committed on occasions separate from one another and qualified as two predicate offenses for purposes of the ACCA.

Finally, counsel questions whether the sentence is reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). We have thoroughly reviewed the record and conclude that the sentence was procedurally and substantively reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Hickson, in writing, of the right to petition the Supreme Court of the United States for further review. If Hickson requests that a

5

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hickson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6