**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4134**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM SEDRICK ROLLERSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:11-cr-00230-RJC-1)

Submitted:  July 31, 2013            Decided:  August 26, 2013

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Sedrick Rollerson pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court sentenced Rollerson to 180 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether Rollerson's sentence violated the Fifth and Sixth Amendments because the district court increased the term of imprisonment based on facts not proved beyond a reasonable doubt pursuant to the Armed Career Criminal Act ("ACCA"), and whether the district court erred in finding that Rollerson was an armed career criminal. Rollerson was informed of his right to file a pro se supplemental brief, but he has not done so. Following a careful review of the record, we affirm.

Counsel first questions whether Rollerson was improperly sentenced beyond the statutory maximum based on facts not proven beyond a reasonable doubt. However, this argument is foreclosed by the clear precedent of this court and the Supreme Court. Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 247 (1998); United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005).

2

Counsel next questions whether the district court correctly concluded that Rollerson qualified for the enhanced penalties of the ACCA pursuant to 18 U.S.C. § 924(e) (2006). We review a district court's determination of whether prior convictions qualify as predicate convictions for purposes of the ACCA de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). A defendant convicted of being a felon in possession of a firearm who has three prior convictions for a violent felony or serious drug offense is subject to sentencing as an armed career criminal. 18 U.S.C. § 924(e)(1); USSG § 4B1.4. A violent felony is a "crime, punishable by a term exceeding one year of imprisonment, . . . that . . . has as an element the use, attempted use, or threatened use of force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A serious drug offense is "an offense under the Controlled Substances Act . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). Our review of the record leads us to conclude that Rollerson has at least three qualifying convictions, and that the district court properly determined that Rollerson was an armed career criminal.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Our review of the record confirms that the district court

3

substantially complied with Federal Rule of Criminal Procedure 11 in accepting Rollerson's guilty plea, and ensured that his plea was knowing and voluntary. We therefore affirm Rollerson's conviction and sentence. This court requires that counsel inform Rollerson, in writing, of his right to petition the Supreme Court of the United States for further review. If Rollerson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rollerson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED