**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4575**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTHONY EUGENE BOYD,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00045-RJC-1)

Submitted: June 22, 2009          Decided: June 26, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Boyd appeals from the criminal judgment imposing a 255-month term of imprisonment after he pled guilty to possession with intent to distribute marijuana, Ecstasy, cocaine, and cocaine base, and possession of a firearm during and in relation to a drug trafficking crime. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, there are no meritorious issues for appeal. Boyd filed a pro se supplemental brief, and the Government has declined to file a brief. Boyd's Anders brief raised the issue of whether trial counsel was ineffective in failing to object to the use of a North Carolina conviction for drug trafficking to establish Boyd's career offender status. Finding no error, we affirm.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2008) motion. King, 119 F.3d at 295. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Here, the record does not support Boyd's claim. It does not conclusively appear from the record that counsel's

2

failure to object was prejudicial. It is unknown whether counsel investigated the facts of the conviction and the record does not include the state indictment or judgment for the offense. Because there is no non-speculative evidence that counsel committed errors that negatively affected Boyd's sentence, we decline to consider Boyd's allegations of ineffective assistance at this time.

Boyd filed a pro se supplemental brief raising issues relating to the merits of conviction, including amendment of the indictment, illegal search and seizure, ineffective assistance relating to search and seizure issues, and that his sentence was not reasonable. Boyd has waived the issues regarding his conviction by pleading guilty.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597. In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory Guidelines range. Id. at 596-97. A sentence within the properly calculated Guidelines range may be afforded an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2459 (2007). This

court must then consider whether the district court failed to consider the § 3553(a) factors, analyzed any arguments presented by the parties, or sufficiently explained the selected sentence. Gall, 128 S. Ct. at 597. Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court's recent decision in United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009), requires an "individualized assessment" of the particular facts of every sentencing case, whether the district court imposes an above, below, or within-Guidelines sentence.

Boyd's 255-month sentence was seven months below the low end of the Guidelines range. The court carefully considered counsel's argument and specifically articulated its reasons for crafting the sentence, with particular emphasis on Boyd's lengthy criminal history and escalation of criminal activity. We therefore conclude that Boyd's sentence was not an abuse of discretion and is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Boyd's conviction and sentence. This court requires that counsel inform Boyd, in writing, of the right to petition the Supreme Court of the United States for further

4

review. If Boyd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boyd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                              AFFIRMED