**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6639

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY EUGENE BOYD,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:07-cr-00045-RJC-DCK-1)

Submitted: November 29, 2022               Decided: November 8, 2023

Before GREGORY and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John G. Baker, Federal Public Defender, Megan C. Hoffman, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After repeated unsuccessful collateral attacks on his sentence resulting from his classification as a career offender, Anthony Eugene Boyd sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In this appeal Boyd challenges the district court's denial of his motion for compassionate release, arguing that a guidelines error in his sentence and the court's misinterpretation of the First Step Act of 2018 constituted extraordinary and compelling reasons for a sentence reduction. For the reasons that follow, we find that Boyd's compassionate release motion is foreclosed by this Court's recent opinion in *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), where we held that a habeas petition filed pursuant to 28 U.S.C. § 2255 is the "exclusive method of collaterally attacking a federal conviction or sentence." Thus, "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release" to obtain postconviction relief. *Id.*

In 2007, Boyd pled guilty to one count of possessing marijuana, ecstasy, cocaine, and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C) and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). His Presentence Report (PSR) reflected that he had previously been convicted of several state offenses, among them a 1991 conviction for possession with intent to sell and, relevant here, a 1993 conviction for trafficking in cocaine.[1] J.A. 199. The PSR concluded that he was subject to the career offender enhancement due to his "two prior

---

[1] Boyd was sentenced under N.C. Gen. Stat. § 90-95(h)(3), which provides that "[a]ny person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . shall be guilty of a felony . . . known as 'trafficking in cocaine.'" *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001).

convictions of either a crime of violence or a controlled substance offense," *see* U.S.S.G. § 4B1.1(a) (2007) and calculated an aggregate guidelines range of 262 to 327 months. Boyd did not object to the final PSR. He instead sought a downward variance on the ground that his "career offender status overstates his criminal history." J.A. 216. He argued that the recommended sentence, based on his career offender status, was greater than necessary to serve the purposes set forth in 18 U.S.C. § 3553(a) and that other mitigating factors, including his effort to cooperate with the police, supported his motion. J.A. 40–42, 210–22. The government opposed Boyd's motion, noting that his criminal conduct continued even after the prior convictions that qualified him as a career offender and highlighting the drug and gun conduct that resulted in his federal conviction. J.A. 44–46.

The court denied Boyd's motion for a downward variance. J.A. 48–49. The court acknowledged the severity of the career offender sentencing range as compared to the applicable range without career offender status, and found that Boyd made a compelling argument in favor of a variance based upon an overstated criminal history and his cooperation with law enforcement. J.A. 46–47. But the court denied the motion after examining the length and breadth of his criminal history before concluding that "Congress has spoken that for people with records like this, Career Offender Status is appropriate." J.A. 47. The court recognized that it could impose a lower sentence if it "felt that the 3553(a) factors were accomplished by a less stringent sentence." *Id.* But, it found that on Boyd's criminal record it could not reach that conclusion, and that previous probationary sentences and periods of incarceration did not work to encourage Boyd not to commit further offenses. J.A. 47–48. The court sentenced Boyd as a career offender, imposing a 255-month sentence, consisting

3

of a 195-month sentence on the Section 841 count and a mandatory consecutive 60-month sentence on the § 924(c) count. J.A. 48. The sentence included a downward variance to account for the time he spent in state custody on charges for the same conduct. *Id.*

After an unsuccessful direct appeal,[2] Boyd filed a *pro se* motion in May 2010 to vacate his conviction and sentence under 28 U.S.C. § 2255 on multiple grounds, among them that his trial attorney was ineffective for failing to challenge his career offender designation. J.A. 59–83. He maintained that his counsel should have argued that his 1993 conviction for trafficking in cocaine failed to qualify as a predicate offense under the career-offender sentencing guideline. J.A. 71. In response, the government filed an affidavit from Boyd's trial counsel. J.A. 112. Counsel explained that before sentencing, Boyd believed his prior trafficking conviction was not a predicate conviction in light of *United States v. Brandon*, 247 F.3d 186

---

[2] On direct appeal, Boyd's counsel filed an *Anders* brief arguing that his trial attorney was ineffective for failing to object to the use of the 1993 North Carolina cocaine trafficking conviction as a career offender predicate offense. J.A. 94. He alleged that under North Carolina law, trafficking includes simple possession, which is insufficient to render a prior sentence a career offender predicate. *Id.* In a separate *pro se* brief, Boyd also challenged the reasonableness of his sentence. In June 2009, this Court affirmed Boyd's sentence and conviction, in part, because "claims of ineffective assistance of counsel generally are not cognizable on direct appeal." *United States v. Boyd*, 332 F. App'x 890, 890 (4th Cir. 2009) (citing *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997)). Such claims are cognizable on direct appeal only where conclusively established by the record. *Id.* at 891. This Court noted that the record did not include the state court indictment, that it was unknown whether counsel had investigated the facts of the conviction, and that it did not appear conclusively from the record that counsel's failure to object was prejudicial. *Id.* The Court then reviewed Boyd's sentence for substantive and procedural reasonableness and found that the sentence was not an abuse of discretion and was reasonable. *Id.*

4

(4th Cir. 2001).[3]  J.A. 116.  Counsel explored a possible argument, based on *Brandon*, that Boyd's 1993 trafficking in cocaine conviction was not a career-offender predicate.  *Id.*  He reviewed Boyd's trafficking indictment, which alleged that Boyd transported cocaine and delivered it to another person, in addition to possessing it, and showed that he had been charged with "trafficking by manufacturing, distributing and selling cocaine."  J.A. 116, 118.  Counsel concluded based on the indictment that Boyd's offense "fit the definition of 'controlled substance offense' under the career offender guideline," and therefore "did not object" to Boyd's career offender status.  J.A. 116.  He instead argued that his "career offender status overstated his criminal history and requested a downward variance on that ground."  J.A. 116.  The district court denied Boyd's § 2255 motion.  J.A. 119–26.  The court agreed with the government that, with the exception of his ineffective assistance claim, Boyd's challenges to his conviction and sentence were barred by procedural default or his express waiver of an attack on his sentence in his plea agreement.  J.A. 122–126.  As to his claim that his counsel was constitutionally deficient for failing to challenge the status of his 1993 conviction as a career offender guideline predicate, the court explained that counsel had examined the prior

---

[3] In *Brandon*, this Court discussed how to determine whether a conviction for "trafficking in cocaine" under N.C. Stat. § 90-95(h)(3) qualifies as a "serious drug offense" under the ACCA, 18 U.S.C. § 924(e)(2)(A)(ii).  *Brandon*, 247 F.3d at 188.  A "serious drug offense" under the ACCA involves the "manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance."  18 U.S.C. § 924(e)(2)(A)(ii).  A mere possession offense ordinarily will not qualify.  *See Brandon*, 247 F.3d at 189.  N.C. Stat. § 90-95(h)(3) "can be violated by conduct that clearly falls" within the definition of a "serious drug offense," such as selling or manufacturing cocaine.  *Id.* at 189.  However, the statue may also be violated by conduct outside of the definition, such as possession of cocaine.  *Id.*  In possession cases, this Court has held that "resort[ing] to the indictment is proper" to "determine whether the defendant was charged with a crime that meets the requirements of section 924(e)."  *Id.* at 188.

conviction and determined that it qualified as a predicate crime.  J.A. 124.  The court concluded the claim failed because Boyd did not overcome the "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  J.A. 123 (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).  Nor had Boyd, in the court's view, "shown that the outcome of the proceeding would have been different or that the result was fundamentally unfair."  J.A. 124.  This Court affirmed the denial of Boyd's § 2255 motion and declined to grant a certificate of appealability.  J.A. 125.

Boyd then filed three more *pro se* motions to vacate his sentence under 28 U.S.C. § 2255 where he continued to argue that he was not a career offender because his trafficking offense was not a qualifying predicate.  The district court denied the second and third petitions as time-barred, *see Boyd v. United States*, 2015 WL 4936239 (W.D.N.C. 2015); *Boyd v. United States*, 2015 WL 5113274 (W.D.N.C. 2015), and dismissed the fourth as an unauthorized successive petition*, see Boyd v. United States*, 2018 WL 3014407 (W.D.N.C. 2018).

In February 2021, Boyd filed a *pro se* motion for a reduced sentence under Section 404(b) of the First Step Act.  J.A. 127–130.  In a supplemental memorandum in support of his motion, Boyd argued that this Court's decision in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020) required the court to "correct errors that occurred at the original sentencing" under Section 404(b).  J.A. 156.  Boyd further argued that he should not have been subject to a career offender enhancement because his 1993 trafficking in cocaine conviction did not qualify as a predicate under *Brandon*.  J.A. 157–58.  The government initially opposed a sentence reduction.  *See* J.A. 145–51.  However, after Boyd, through counsel, filed his supplemental memorandum outlining the *Brandon* error, the government

6

filed a supplemental response in support of the motion, concluding that "Boyd is eligible for a sentence reduction and the [18 U.S.C.] section 3553(a) factors weigh in favor of a reduced sentence," and "consent[ing] to the reduction of Boyd's sentence to time served." J.A. 177.

The government conceded that Boyd was eligible for relief under Section 404 because "under *Brandon*, his prior trafficking conviction may not have been properly considered a 'controlled substance offense' because that term is defined to include only a possession of controlled substance with intent to distribute." J.A. 175–76 (citing U.S.S.G. § 4B1.2(b)). Also, in consenting to the sentence reduction, the government acknowledged that without the career offender enhancement, Boyd's guidelines range would be 90 to 97 months, but as of May 2021, he had already served 197 months. J.A. 177. The government concluded that the Section 3553(a) factors "d[id] not weigh in favor of such an extraordinary upward variance." *Id.* It noted that Boyd's discipline record included only one disciplinary citation, and that despite a history of drug offenses, "neither the nature and circumstances of his offense nor the history and characteristics of the defendant warrant a sentence above the time Boyd has already served." J.A. 177.

Despite the parties' agreement that time served was appropriate, the district court stayed the proceedings pending the Supreme Court's decision in *Terry v. United States*, 20-5904. J.A. 233. Following the Supreme Court's holding that defendants who had been sentenced under 18 U.S.C. § 841(b)(1)(C) are not eligible for a sentence reduction under Section 404(b), the district court denied Boyd's motion for sentencing relief. J.A. 179, 233.

Undeterred, Boyd then filed a motion for compassionate release under the First Step Act and its amendments to 18 U.S.C. § 3582(c). J.A. 231. He argued that two extraordinary

7

and compelling circumstances warranted relief. J.A. 236. First, he asserted that a mistake at his sentencing wrongly subjected him to an improper career offender classification and that if sentenced today, his guidelines range would be less than half his current sentence. J.A. 236–37. Second, he argued the drafters of the First Step Act did not intend to exclude defendants like Boyd who were sentenced under 21 U.S.C. § 841(b)(1)(C) from relief in the way the Supreme Court had concluded in *Terry*. J.A. 243. Thus, "his ineligibility should be deemed an 'extraordinary and compelling reason' to correct this wrong and to grant him relief in the form of compassionate release." J.A. 244–45. For these reasons, Boyd argued that compassionate release was his only opportunity to correct the sentencing error and the resulting sentencing disparity. J.A. 245. Further, he argued that the Section 3553(a) factors weigh strongly in favor of compassionate release. J.A. 245–53, 329–32.

The government opposed Boyd's motion for compassionate release on the ground that he had not established any extraordinary or compelling reason for his release. J.A. 319. Although the government again acknowledged that Boyd "should not have been classified as a career offender" under *Brandon*, J.A. 319, "[c]ompassionate release is not a substitute for collateral review." J.A. 321. While Boyd was unsuccessful in having the *Brandon* error corrected on direct appeal and on post-conviction review, "his claim of sentencing error [was] not nearly the kind of extraordinary and compelling circumstance" to warrant relief because his criminal history and the nature of his conduct did not counsel in favor of compassionate release. J.A. 321.

The government also explained its consent to a sentence reduction under Section 404 of the First Step Act was based on this Court's First Step Act jurisprudence. J.A. 321–

8

22.   The government interpreted Section 404 to require that the court "recalculate the Guideline range and justify any upward variance," which is precedent that does not apply to the compassionate release provision. *Id.* Rather, the provision requires an extraordinary and compelling reason to alter a defendant's sentence. J.A. 322. The government urged the court to "decline Boyd's invitation to find that the *Brandon* error [rose] to that level, given Boyd's criminal history, the nature and circumstances of the offense, the need to protect the public, the need to provide adequate deterrence, and the need for just punishment." J.A. 322.

The district court denied Boyd's compassionate release motion, finding that he did not "establish extraordinary and compelling reasons to reduce his sentence." J.A. 341. The court agreed that "compassionate release is not a substitute for collateral review." J.A. 340. Relying on this Court's holding in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), it found that the "purpose of § 3582(c)(1)(A) is to provide a 'safety valve' that allows for a sentence reduction when there is not a specific statute that already affords relief." J.A. 339 (quoting *McCoy*, 981 F.3d at 287). The court noted that Boyd had "repeatedly asserted sentencing error in motions brought pursuant to 28 U.S.C. § 2255, the appropriate statute for relief, but was unsuccessful. . . . Accordingly, renewed claims of sentencing error do not favor remedy by compassionate release." J.A. 340.

Next, separate from Boyd's sentencing error argument, the court considered whether the disparity between the sentence Boyd received in 2008 and the sentence he would receive if sentenced today qualified as an "extraordinary and compelling reason for early release." J.A. 340–41. The court found this argument "unavailing." J.A. 340. It

noted that it had "considered the guideline range without the career offender enhancement at [Boyd's] original sentencing hearing and found it was insufficient to accomplish the objectives of § 3553(a)" and that this Court affirmed the 255-month sentence as "reasonable." J.A. 340. "Given the defendant's extensive and serious criminal history, he would likely be sentenced above today's advisory guideline range." J.A. 340. "In the circumstances of the case," the court held, "comparison of how the defendant could have been sentenced then to how he could be sentenced now does not establish an extraordinary and compelling reason for early release." J.A. 341.

The court also rejected Boyd's argument that First Step Act sponsors' intention not to exclude defendants like him was an extraordinary and compelling circumstance warranting compassionate release. J.A. 341. It "decline[d] to find the circumvention of a Supreme Court decision [holding otherwise] to be an extraordinary and compelling reason to reduce [Boyd]'s sentence in the circumstances of this case." J.A. 341. Boyd filed a timely notice of appeal. J.A. 191.

During the pendency of Boyd's appeal, this Court decided *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), which addresses squarely the issue before us. There, this Court affirmed the district court's denial of a motion for compassionate release filed to collaterally attack a defendant's convictions and sentence. *See Ferguson*, 55 F.4th at 265. It found that "§ 2255 is the exclusive method of collaterally attacking a federal conviction or sentence," thus "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *Id.* at 270. "[N]o matter how an inmate characterizes his request for relief, the substance of that request controls. If in substance he attacks his conviction and/or sentence, his filing is

10

subject to the rules set forth in § 2255." *Id.* "Insisting that defendants use[] the correct process to challenge their convictions and sentences . . . is not empty formalism." *Id.* at 270–71 (quoting *United States v. Sanchez*, 891 F.3d 535, 539 (4th Cir. 2018)).

Section 2255 provides one exception to its exclusivity requirement: where § 2255 "is 'inadequate or ineffective,' . . . the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e)." *Id.* at 270 (quoting *United States v. Simpson*, 27 F. App'x 221, 224 (4th Cir. 2001) (Traxler, J., concurring)). However, it provides no help here. The Court made clear that "'the remedy afforded by § 2255 is not rendered inadequate or [in]effective'—meaning that a defendant cannot use § 2255(e)'s savings clause to file a § 2241 motion—'merely because an individual has been unable to obtain relief under [§ 2255] or because [he] is procedurally barred from filing a § 2255 motion.'" *Ferguson*, 55 F.4th at 271 (quoting *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). In the compassionate release context, the fact "that [an] [a]ppellant may be procedurally barred from raising his arguments in a § 2255 petition does not qualify as an 'extraordinary and compelling reason[]' for compassionate release." *Ferguson*, 55 F.4th at 271.

Therefore, we hold, consistent with our precedent in *Ferguson*, that the proper vehicle to challenge the validity of a defendant's conviction or sentence is a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence, and a compassionate release motion filed for this purpose is foreclosed. On this ground, the district court's denial of Boyd's compassionate release motion is

*AFFIRMED.*

11